IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


| | |
|---|---|
| MACKENNETH ORTIZ, HR-8194,<br>    Petitioner, | )<br>)<br>) |
| v. | )    2:17-cv-1463 |
| | ) |
| PENNSYLVANIA BOARD OF<br>PROBATION AND PAROLE,<br>    Respondent. | )<br>)<br>)<br>) |

MEMORANDUM and ORDER

      MacKenneth Ortiz an inmate at the State Correction Institution- Pine Grove has presented a petition for a writ of habeas corpus (ECF No.2) seeking to challenge the recalculation of his sentence by the Pennsylvania Board of Probation and Parole ("the Board"). For the reasons set forth below the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

      Ortiz was sentenced August 4, 2008 to a five to ten year period of incarceration upon his plea of guilty to an array of charges at No. CP-51-CR-2076-2008 in the Court of Common Pleas of Philadelphia County, Pennsylvania. At that time his minimum sentence expired on December 4, 2012 and his maximum sentence expired on December 4, 2017.[1]

      Following a hearing by the Board, on September 12, 2012, the petitioner was granted parole on or after December 4, 2012 with a maximum expiration date of December 4, 2017.[2] He was released on parole on December 4, 2012 and following his arrest on new charges, on November 6, 2013 a warrant to detain was issued by the Board and forwarded to the penitentiary.[3] On November 19, 2013, the Board recommitted petitioner as an admitted technical violator to serve six months.[4] Following a formal Board hearing on December 27, 2013 his

---

[1] See: Exhibit B to the answer.
[2] See: Exhibit C to the answer.
[3] See: Exhibits F, G and H to the answer.
[4] See: Exhibit K to the answer.

confinement was amended to require detention pending disposition of the new criminal charges. It was also noted that the December 4, 2017 parole maximum was subject to change if Ortiz was convicted on the new criminal charges.[5] Following his conviction and the imposition of sentence on the new charges, on December 11, 2014 petitioner waived a revocation hearing as a result of the new conviction.[6] On July 6, 2015 the Board entered a determination that as a result of his new conviction, the action of December 27, 2013 was altered to delete the reparole portion and a decision was made to recommit Ortiz as a technical violator to serve six months and to recommit for a total of 36 months backtime was entered. This established a parole maximum of November 11, 2019.[7] This maximum sentence recalculation is the basis for the present petition.

In making this calculation the Board denied petitioner credit for the period he was on parole, and granted him credit for one day from November 6, 2013 through November 7, 2013 thereby concluding he owed backtime of four years eleven months and twenty-nine days and arriving at a maximum date of November 11, 2019.[8] In response to petitioner's inquiry about this calculation, the Board wrote:

> The Board recommitted you as a convicted parole violator to 36 months for your new offenses…
>
> The Board recalculated your maximum sentence date to November 11, 2019 based on your recommitment as a convicted parole violator. The decision to recommit you as a convicted parole violator gave the Board statutory authority to recalculate your sentence to reflect that you received no credit for the period you were at liberty on parole… The Board advised you of this potential penalty on the parole conditions you signed on December 4, 2012. Additionally, the ability to challenge the recalculation decision after it is imposed satisfied your due process rights. In this case, the Board chose not to award you credit for time at liberty on parole in recalculating your max date, but this did not violate any constitutional provisions.
>
> Finally, the Board correctly calculated your reparole eligibility date. The Board recommitted you to serve 36 months. The commencement of the original sentence for convicted parole violators is governed by the Prisons and Parole Code. The statute provides that convicted parole violators who are paroled from a state correctional institution ("SCI") and then receive another sentence to be served in an SCI must

---

[5] See: Exhibit L to the answer.
[6] See: Exhibit N to the answer.
[7] See: Exhibit P to the answer.
[8] See: Exhibit Q to the answer.

> serve the new original sentence first. You were paroled from an SCI
> on December 4, 2012 and you received new sentences to be served in
> an SCI so you had to serve your original sentence first. Thus, you
> became available to serve your original sentence when you were
> sentenced on the new convictions on November 12, 2014 because you
> were already recommitted as a technical parole violator.
>
> The Board gave you one day of credit on your original sentence for
> the period you were detained solely on the board detainer from
> November 6, 2013 (date of board detainer) to November 7, 2014 (date
> of detention in lieu of bail on the new criminal charges) … However,
> the Board did not give you any credit for the period you were
> incarcerated from November 7, 2014 to November 12, 2014 (date of
> sentencing on the new convictions because you were confined on at
> least on[e] of the new criminal charges and the board detainer during
> this period. This is evidence[d] by the fact that you did not post bail
> from the [new charge] … As such, credit for this time must apply to
> your new sentence. Adding the 36-month recommitment term to the
> November 12, 2014 availability date, minus the one day of credit you
> received towards that term, yields a reparole *eligibility* date of
> November 11, 2017.[9] (emphasis added).

That is, petitioner was *eligible* for parole any time after November 11, 2017, but his maximum sentence did not expire until he completed the five year unserved portion of his original sentence, or on November 11, 2019. Indeed, on January 19, 2017, the Board determined that the petitioner was ineligible for parole based on his unsatisfactory parole supervision history, his lack of remorse, and other factors. The parole maximum date was noted as November 11, 2019.[10]

The relevant Pennsylvania statute, 61 Pa.C.S.A.§ 6137 does not create a mandatory expectation of parole which has been determined to be a matter of grace. Rogers v. Pennsylvania Board of Probation and Parole, 555 Pa. 285 (1999). In the absence of a state mandated right of parole, parole is a matter of mere possibility and does not invoke a federally protected liberty interest. Kentucky Department of Corrections v. Thompson, 490 U.S. 455 (1989). In Connecticut v. Dumschat, 452 U.S. 458 (1981), the Court recognized that where there is no liberty interest created, there is no constitutional basis for relief. Since federal habeas corpus relief is premised on violations of constitutional proportion, no such factors exist here since the

---

[9] See: Exhibit T to the answer.
[10] See: Exhibit V to the answer.

3

reasons for denying parole were based on the plaintiff's conduct both inside and outside the institution and not on some arbitrary or capricious basis. Block v. Potter, 631 F.2d 233, 235 (3d Cir.1980).

In Coady v. Vaughn, 251 F.3d 480,487 (3d Cir.2001), the Court observed that "federal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision."

Thus, the record clearly demonstrates that Ortiz's continued incarceration is not the result of a violation of any federally protected rights. Rather, the record demonstrates that at his time of release on parole he still had five years remaining on his original sentence while he was only ordered detained for an additional three years by the Board. Thus, the continuation of his incarceration is fully supported by the record here and not based on any arbitrary or capricious factors. For this reason, there is no demonstration that any action of the Board was contrary to federal law as determined by the Supreme Court nor involved an unreasonable application of that law and for these reasons he is not entitled to relief.

Accordingly, the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

s/ Robert C. Mitchell  
United States Magistrate Judge

ORDER

AND NOW, this 2nd of July, 2018, for reasons set forth in the foregoing Memorandum, the petition of MacKenneth Ortiz for a writ of habeas corpus (ECF No. 2) is DISMISSED, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is DENIED.

s/ Robert C. Mitchell
United States Magistrate Judge